## The Budd Company v. Kenney

*Edgar R. Einhorn*, for Board of Revision of Taxes.

*Henry T. Reath*, for appellant.

KUBACKI, *J.*, January 31, 1977 — The Budd Company has filed an appeal from the decision of the Board of Revision of Taxes of the City of Philadelphia regarding the real estate taxes on its properties on Red Lion Road and Hunting Park Avenue.

In the Philadelphia Taxing District it is the announced policy that tax assessments on all real property bear the same ratio to market value. That ratio is piously proclaimed to be a fixed percentage. That is not true. It is a fantasy.

To believe that all properties in Philadelphia are taxed equally is to believe in Santa Claus or the Easter Bunny.

This opinion writer has made a study of arms-length sales in Philadelphia. The range of ratios is distressing. No arcane mathematical skills are necessary to conclude the unfairness of it all. The records show on their face that the range of tax assessments start at a low of less than 25 percent to 100 percent of market value. Therein lies the problem. A fixed ratio common to all properties must be applied to the Budd properties.

It is the position of the Budd Company that the ratio is 41.36 percent for the year 1974, the test year for this appeal. The Budd Company has arrived at this figure by dividing the total of all of the sales prices of approximately 18,000 properties into the total of all of the assessed values of those properties. By this statistical technique, the plaintiff is adding an important ingredient, the dollar value of each property. By this weighting, a property having a market value of $1,000,000 and having an assessment of 40 percent would have 100 times the mathematical impact of a $10,000 property assessed at 50 percent.

The Philadelphia taxing district holds that the ratios are not to be weighted, but that dollar values of the properties are to be ignored and that all ratios are to be totalled and divided by the number of properties involved. By defendant's statistical approach, the ratio would be 46.75 percent.

Various statistical terms have been applied to these methods, such as aggregate method, average method, aggregate weighted method, etc. For purposes of this opinion, the position of the Budd Company which resulted in a ratio of 41.36 percent shall be called the weighted ratio and the position of the City of Philadelphia that urges a ratio of 46.75 percent shall be called the unweighted ratio.

This writer has examined 8,904 sales of property in 1974 whose sale price was $15,000 or less. Using the taxing authorities' unweighted ratio technique, it was concluded that the average ratio was 55.85 percent. No effort was made by this writer to determine what the weighted ratio would be for these 8,904 properties. However, the un-

weighted ratio 55.85 percent for cheap properties stands in stark contrast to 46.75 percent unweighted ratio for all properties for the same period.

This disparity suggests many theories. Perhaps assessors are better equipped and better trained to evaluate small homes in their assessment districts than they are of large industrial or commercial buildings. Perhaps the large number of sales of small properties has honed the skill of appraisers. Perhaps owners of large or commercial buildings are better equipped and willing to fight increases in their assessments. It could well be that there is no validity to any of this speculation. However, the disparate unweighted ratios still remain. It would appear from all of this that the hand of the tax assessor is not laid evenly on all heads. This built-in inequity would be recognized, accepted, and made forever a part of the taxpayers' burden if we accepted a weighted ratio to determine the average ratio.

Fairness demands that all taxpayers pay on the same ratio of assessment to market value. If there is any validity to our study that cheaper properties are assessed at a higher ratio, then we must not allow this disparity to be built in our determination of the average ratio by weighting the figures.

The Pennsylvania Constitution mandates that "All taxes shall be uniform, upon the same class of subjects . . .": Constitution of Pennsylvania, Article VIII, sec. 1. That mandate is, and must be, our only guide. We must have only one ratio between assessment and market value. That is what it must and should be. We cannot allow what it is.

The common ratio of assessment to market value of real property in the Philadelphia taxing district is 46.75 percent.